URBanski
District Judge
Assign. by Clerk's Ofc.

Memmel
Mag. Referral Judge
Assign. by Clerk's Ofc.

CLERK'S OFFICE U.S. DISTRICT. COURT
AT ROANOKE, VA
FILED

**DEC 0 2 2024**

LAURA A. AUSTIN, CLERK
BY:_____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
for the WESTERN DISTRICT OF VIRGINIA

For use by Inmates filing a Complaint under

**CIVIL RIGHTS ACT, 42 U.S.C. §1983 or <u>BIVENS v. SIX UNKNOWN NAMED AGENTS
OF FED. BUREAU OF NARCOTICS, 403 U.S.C. §388 (1971)</u>**

Brandon Crosby.
Plaintiff full name

1779544
Inmate No.

v.

Dwayne Turner et al.,
Defendant(s) full name(s)

CIVIL ACTION NO. **7:24-CV-00845**
(Assigned by Clerk's Office)

*********************************************************************

A. **Where are you now?** Name **and** address of facility  Red Onion State Prison P.O.Box 970 Pound VA, 24279

B. Where did this action take place?  Red Onion State Prison

C. Have you begun an action in state or federal court dealing with the same facts involved in this complaint?

_____ Yes     ✓ No

If your answer to A is Yes, answer the following:

   1. Court: _____

   2. Case Number: _____

D. Have you filed any grievances regarding the facts of this complaint?

✓ Yes     _____ No

   1. If your answer is Yes, indicate the result:

   Available Remidies Exhaust, as well as Unavaliable

   2. If your answer is No, indicate why:

**E.** Statement of Claim(s): State briefly the facts in this complaint. Describe what action(s) each defendant took in violation of your federal rights and include the relevant dates and places. **Do not give any legal arguments or cite any cases or statutes.** If necessary, you may attach additional page(s). Please write legibly.

Claim #1 – Supporting Facts – Briefly tell your story without citing cases or law:

(See Attached)

Claim #2 – Supporting Facts – Briefly tell your story without citing cases or law:

(See Attached)

**F.** State what relief you seek from the Court. Make no legal arguments and cite no cases or statutes.

(See Attached)

**G.** If this case goes to trial, do you request a trial by jury?    Yes __✓__    No ____

**H.** If I am released or transferred, I understand it is my responsibility to immediately notify the court __in writing__ of any change of address **after** I have been released or transferred or my case may be dismissed.

SIGNATURE: _____    Date __11/17/24__

VERIFICATION:

I, __Brandon Crosby__, state that I am the plaintiff in this action, and I know the content of the above complaint; that it is true of my own knowledge, except as to those matters that are stated to be based on information and belief, and as to those matters, I believe them to be true. I further state that I believe the factual assertions are sufficient to support a claim of violation of constitutional rights. Further, I verify that I am aware of the provisions set forth in 28 U.S.C. §1915 that prohibit an inmate from filing a civil action or appeal, if the prisoner has, on three or more occasions, while incarcerated brought an action or appeal in federal court that is dismissed on the grounds that it was frivolous, malicious, or failed to state a claim upon which relief may be granted, unless the prisoner is imminent danger of serious physical injury. I understand that if this complaint is dismissed on any of the above grounds, I may be prohibited from filing any future actions without the pre-payment of the filing fees. I declare under penalty of perjury the foregoing to be true and correct.

SIGNATURE: _____    Date: __7/17/24__

## Certificate Of Service

I, Brandon Crosby hereby Certify That On 11/23/24 I Served Copies of Civil Rights action By Brandon Crosby _____, On The following Parties By Way Of U.S.ps Priority-Mail _____.

[List Names & Addresses of Each Party]

Clerk Of The Court
U.S. Dist. Ct.
210 Franklin Rd.
Roanoke Virginia

11/23/24
Date

_____
Signature

State Of Virginia City/county of _____
Subscribed, Sentout and Sworn Before me this _____
Day Of _____, 20___

Seal:

_____          _____
Notary Public             My Commission Exp.

CLERK'S OFFICE U.S. DISTRICT. COURT
AT ROANOKE, VA
FILED

DEC 02 2024

LAURA A. AUSTIN, CLERK
BY: _____
DEPUTY CLERK

In The United States District Court
For The Western District of Virginia
Roanoke Division

BRANDON CROSBY
    Plantiff,

V.                                          Case No. 7:24-cv-00845

DAWAYNE TURNER et al.,
    Defendant(s).

## Complaint With Jury Demanded

## INTRODUCTION

This is a Civil Rights action filed By Brandon Crosby, Pro'se For Injunctive Relief, Punitive and Compensatory Damages for those Specified, Under U.S.C §1983 Claiming The following; Retaliation in Violation Of The 1st Amendment, Substantial and Procedural Due process$ Equal Protection Of the Law, Supervisor Liability, and Violation of the 14th Amendment, Deliberate Indifference $ Cruel and Unusual Punishment All in Violation of the 8th Amendment. Including The State torts of gross negligence $ Intentional Infliction of emotional Distress, Under Virginia law.

## Jurisdiction

1. This Court has Jurisdiction over the pluntiffs Claims of Violations of federal Constitutional rights under 42 U.S.C. § 1331(1) & 1343.

2. This Court has Supplemental Jurisdiction over Plantiffs State law tort Claims aginst Defendant(s) in there Individual Capacity under 28 U.S.C. § 1367.

3. Plantiff Seeks Injunctive relief pursuant to 28 U.S.C § 2283 & 2284 and Rule 65 of Fed. R. Civ. P.

4. The United States District Court for The Western District of Virginia, Roanoke Division is an appropriate Venue Under 28 U.S.S. § 1341 (B)(2).

## Parties

5. Plantiff, Brandon Crosby is a Pro se litigant Incarcerated in Virginia Department of Corrections, at Red Onion State Prison, With a State ID # of 1779544. Plantiff Was housed at Red Onion State Prison at all times of this Civil Rights Claim.

6. Defendant Thomas Meyers was and still is the Western Region Administrator for the Virginia Department Of Corrections, During the Duration of this Claim, and Signed off on The newest 830.4. (see Attachment 1)

7. Defendant Dwayne Turner was and still is the Active Assistant Warden at Red Onion State Prison, During the Duration of this Claim. He is also The Content owner of A local Operation procedure at Red Onion State Prison Caned (830.A Restorative Housing Reduction Step-Down Program). (see Attachment 1). Defendant A. Duncan is Now The Content owner of 830.A (see Attachment 2)

2

Defendant Deer Was an active Investigator at Red Onion State Prison at all times of this Claim.

8. Defendant(s) David A. Robinson and Chadwick Dotson Were Active Directors of Virginia Department of Corrections, During Durations Of This Claim.

9. Defendant(s) Amy Duncan Was the Chief of Housing and Programs, K. Sykes was The Institutional Program Maneiger, at Red Onion State prison at all times of this Claim.

10. Defendant(s) Larry Collins, Eric Miller, J. Cornett were all active Unit Muneyers of C-Building at Red Onion State Prison During Durations of this Claim.

11. Defendant(s) Jordan Fleming and Cody Taylor were Both Active Lt.'s at Red Onion State Prison, For C-Building During Durations of this Claim.

12. Defendant(s) M. Trent, C. Cox, Brittney Jones were all Counselors for Plantiff at A R-Building at Red Onion State Prison During Durations Of this Claim.

13. Defendant K. Diets was the active AMA at Red Onion State Prison at all times During this Claim.

14. Defendant(s) Ramey & Adams Were active Institutional hearing Officers at Red Onion State Prison at all times During this Claim.

15. All Defendants acted Under the Color of State law.

16. All Defendant(s) are Sued in there Individual and official Capacity, With Respect to the limitation of the Claim.

17. All Defendant(s) have Obligation/Duties that are Contrary to there Actions In This Claim.

3

18. Defendant VIRGINIA DEPARTMENT OF CORRECTIONS Was an Entity of the COMMONWEALTH OF VIRGINIA at all times of this Claim.

19. CoV. Governs All Defendants in their official Capacity.

20. Defendant(s) Chadwick Dotson, T. Meyers, D. Turner, A. Duncan, K. Sykes, Cornett, C. Taylor, B. Jones, Cox, Trent, Fleming, Miller, Collins, Diets, Ramey, Adams are all Defendants as far as to include any ongoing Injuries Caused to Plantiff.

21. Defendant David Anderson is the active Warden at Red Onion State Prison.

## I. Summary of Claims

### A. Detention Without Jurisdiction

22. Plantiff has Been Detained without any Statutory Jurisdiction in "Long-term Segregation" / "Restorative Housing Reduction Step-Down Program", in C-Building at Red Onion State Prison Since 8/31/22.

23. This "Program" is Governed By a Local operating procedure (830.A, See Attachments (1-2).

24. Attachment(1) Defendant Dwayne Turner is the Content Owner of Said Policy.

25. Attachment(2) Defendant(s) A. Duncan (content owner) & Thomas Meyers (signatory) of Said Policy.

4

26. This Administrative Policy 830-A (Attachment(s) (1-2) Claims its Authority Comes from Code of Virginia § 53.1-10 (See Attachment (3). CoV § 53.1-10 Provides (The powers and Duties of the Director) and not one of the Defendant(s) Names on Attachment (1-2) are The Director of VA Department of Corrections, Nor has the Actual Director, Defendant Chadwick Dotson signed off on Attachment (2), David Robinson Attachment (1).

27. L.O.P. 830A has Been Amended on 2/13/73, 6/27/18, 10/1/20, 10/1/21 and 1/1/24.

28. Red Onion State Prison is an Entity Of The VIRGINIA DEPARTMENT OF CORRECTIONS, who has had multiple lawsuits filed, Settled or Won against the "Program" Governed By 830.A, in Which this program Still persists.

B. Economical Gain

29. This "Local" operating procedure Brings Substantial local economical gain as Well as economical gain for The VIRGINIA DEPARTMENT OF CORRECTIONS.

30. Every demonstrated Procedure in 830.A are not implemented or Put in Place.

31. Almost Every Employee at Red Onion State Prison live in the local Area, or are related/family, 75% Chance of having a personal relationship through Daily living activities. Plaintiff has even Been told by staff there related.

32. "Programs" are Implemented for a purpose and Defendant(s) Duncan, Turner, Meyers purpose Stated in 830.A is Not the Way The Program is implemented nor Ran.

5

33. Red Onion State Prison hasn't and Still Does not have enough Staff to fulfill all Security Positions. From plantiffs personal knowledge and experience; There is maybe 2-4 officers to Pull Approx. 80 Inmates to rec, showers, Kiosk, Serve Trays, Including Deal with situations that arise. Inmates are left in the Shower for hours, Put on the table or in Cages for hours with no opportunity to go in or Use the Bathroom. Staff are made to Do the Work of 4-6 Staff members and Become mad/frustrated at there Supervisors for providing no help and end up taking it out on C/o's Inmates. Inmates Become mad and aggressive Due to Being left or ignored or Denied activity, this Causes many injuries on Both sides and Continues a cycle of a hostile enviornment (i.e a reason for this Program.)

34. VA DOC has Policy and Procedure put in place Regarding the Amount of employees & The log of the Constant Vacancy rate of Employees in each Positions or Department. But Red Onion is always over 10%.

35. Red Onion State prison Provides 1 mental health Clinician for approx. 80 Inmates On 1-2-3 Side of C-Building and 1 for Approx. 80 Inmates On the 4-5-6 Side of C-Building. Plantiff has no Access To Therapy, Theraputic Programing or groups, Confidential-Proffesional Visits with the Psychiatrist or Mental health. The only way he has any type of access to Mental health is if they Come around for there "Weekly" Round and of if he alleges he is having Suicidal Ideations. Meanwhile health has voiced to Plantiff they need more help, But none is provided.

36. This "program" Plantiff is held In provides No Groups, Classes or access treatment or staff for help. Books are given to Be Done as Part of the Challenge "Program" the federal Institutions Shut-Down. Books are recieved and collected when Done. This lack of Staff and Willingness to Provide no "restoration" Creates a Constant cycle of hostility.

6

C. Begining of Retaliation

37. On or around 7/22/23 Plantiff was severly Beat in Hand Cuffs By Several officers. (connection Begins on Pg. 8 §46.)

38. Subsequently to the incident that occured On 7/22/23, Plantiff Began to Exceicise his right to Exhaust his remidies, Due to the actions of Staff.

39. Defendant Flemings was the active Building Lt. where plantiff was housed at. Once Plantiffs Complaints Begun to get processed Defendant Fleming Came to plantiff "Why Am I getting so much paperwork from you?" Plantiff said "your Staff Assulted me" & Defendant Fleming responded Saying "You Shouldnt have had your window Covered".

40. Defendant Fleming Began to order his Staff to write plantiff Charges for nothing, take his Showers, recreation & Deny him Paperwork. Plantiff had to get paperwork and pens from Night-Shift Just to Grieve all the retaliation he was recieving.

41. Plantiff already had an active lawsuit in where multiple Staff got relieved from there Job, Including more high ranking officials that work at Red Onion State prison who are active Defendants and where During this Claim.

42. Due to the fact above Defendants1 Collins & Fleming Began to take adverse action, Denying him services, Showers, recreation, head cuts, taking his Property and Because plantiff Continued to grieve these issues Defendant Flemings Told plantiff "Dont worry about writing no more, Im going get you limited". Soon After this plantiff Was then limited to 1 Complaint and 1 grievance a week for 90 days, Denying him to grieve anything But One Incident or Violation of his rights or policy. This Allowed for more retaliation.

## D. Due Process / Retaliation

38. Plaintiff is on the Pathway Called Special Management (SM). It takes 90 Days to progress from Step to Step and it is Based off Behavior, programming & weekly Status reviews (see Exhibit G(E))

39. The amount of Charges you Can or Cant get from Status to Status is Outlined On Exhibit G(F).

40. As plaintiff progresses levels he gets more privliges.

41. Plaintiff Was placed on SM-0 on approx. 8/31/22.

42. Plaintiff Recieved SM-1 On 12/15/22. (see Exhibit 3(C)

43. His Next 90 Day review Was supposed to Be 3/15/23 But he Wasnt reviewed Until 5/2/23 and Was Denied To move forward Due to Charges he was found guilty of and lack Of participation in the Program. (See Exhibit 3(D)). He remained SM-1.

44. Subsequently to his Review Plaintiff lost his Status On or Around 5/22/24, And Was made Sm-0

45. Plantiffs Next 90 Day review Was Supposed to Be 6/15/23, But he Was reviewed on 7/13/23 and Was Kept on Sm-0. (see Exhibit 3(E))

46. Plaintiff Next 90 Day review Was Supposed to Be 9/15/23, He Wasnt Reviewed until 10/4/23 and Was Kept On SM-0. (See Exhibit 3(F), (Exhibit 1(A)-(D)).

47. Plaintiffs Next Review Was Supposed to Be 12/15/23, He Was reviewed On 2/22/24, In Which he Denied access to his requested Witnesses and Kept On SM-0. (see Exhibit 3(g)) & (Exhibit 2(A)-(Ø)), (Exhibit 3(A)-(4)).

8

48. On 4/29/24 Plant grieved the fact he has Been Writing Defendant(s) Ramey and Adams to get the Disposition of his Charge as well as to Explain why the Charges had to Be Dismissed, But They Continued to hold the Charges Even After plantiff told them ~~told them~~ the reason they had to Be Dismissed per Policy. (See Exhibit 4(A)-(E))

49. Plantiffs Next 90 Day Review Was Supposed to Be On 3/15/24, He Was Reviewed On or around 5/06/24. Plantiff Denied Notice, Both Counselors Falsified a State Document Saying Plantiff Refused to Sign, Denying him a Chance to Request Witnesses or Prepare for a hearing. Plantiff Was held on Sm-0 Due to "Pending" Charges". (see Exhibit 5(A)-(G))

50. On 7/15/24 Plantiff Was reviewed at A Weekly Status Review (informal) and Was advanced to SM-1, Due to Completion of required programming. (See Exhibit 7())

51. A Day Prior to Plantiffs Status Being Changed on 7/15/24 Plantiff Wrote up / grieved the fact his reviews Were Being Done Wrong and he Qualified to Be. Advanced to A further Status. (see Exhibit 6 (A)-(J)). In Which he Attached Exhibit 6 (A)-(J) to Show it Could Be Done.

52. Plantiff Was Supposed to have his Next 90 Day review On 6/15/24 But Because His last review was on 5/6/24, It was supposed to Be held on 8/6/24 But Because he recieved his Status on 7/15/24, Plantiff Was not Reviewd Until 10/15/24. Plantiff Was Denied his right to Witnesses and his right to Participate, in Which Defendant(s) Jones and taylor Just Walked Off. The only reason Plantiff Could Be Denied Was for Pending Charges Where he was accused of misconduct. During the hearing Plantiff Began to Explain Such and why the Charges had to Be Dismissed and why he Requested Defendant(s) Ramey & Adams were requested as witnesses & Defendant(s) Jones and Taylor Just Walked off.

53. Defendant(s) Taylor, Jones & Cornett Did not hold Plantiffs Review Because he recieved his Status On 7/15/24. Plantiff grieved such and the grievance Cordinator Said "You had a review on 7/11/24 you would be reviewed on 10/11/24;

9

(See The Back of Exhibit 7(A)). Viz. Exhibit 7(A)-(c).

54. For Plantiffs 90 Day Review On; 12/13-12/15/22 Defendant Eric Miller Did the Internal Status review $ Collins Did his Administrative Review (see Exhibit 3(c)), On 5/11/23 Defendant Fleming Did the Internal status review $ Collins Did his Administrative review, On 7/13 - 7/14/23 (non party) Burton Did the Internal Status Review $ Defendant Turner Did The Admistrative Review, (Non party) Counselor Kegley was plantiffs Counselor During All Three reviews. On 10/04/23 - 10/12/23 Defendant Massingill Did the Internal Status review $ Collins Did the Administrative review, On 2/22/24 (Non-party) meade Did the Internal Status review $ The Administrative review, Defendant Kegley Trent was Plantiffs Counselor During Both of These Reviews. On 5/6/24 (Non-Party) Allen Did the Internal Status Review $ Defendant Collins Did The Admini-Strative Review, On 7/15/24 - 7/16/24 (non-party)Allen Did the Internal Status Review $ Defendant Miller Did the Administrative review, Defendant Cox Was Plantiffs Counselor During Both Reviews. On 10/15/24 Defendant Taylor Did the Internal Status review $ Cornett Did the Administrative Review, Defendant Jones Was plantiffs Counselor During this Review.

55. Every review plantiff had mentioned above Was Done out of the proper time frame and Done at Staff's Convenience.

56. Reviews are Done weekly ant monthly for sm31M as well as Every 90 Days. Weekly reviews are Informal, 90 Day Reviews are "Supposed" to Be formal. Viz. Attachment(1)-(2) Pg.15-16.

57. L.O.p 830A Is Managed By Operating Procedure 841.4 (Restorative Housing Unit).

58. The Building Management Team Does reviews for the Decisions Alloted on Pg 14-15 ).(e), Which may Consist of the Chief Of Housing $ Programs, Unit manager, Security Supervisors, Counselor, Officer, Mental Health, Investigator and Treatment Officer.

10

59. The Dual Treatment Team is a team headed By the Chief of Housing & Programs, members include but are not limited to, CHaP, Unit Manager, Institutional Program Manager, Inteligence officer, Mental Health Associate, Facility Medical Director, Counselor, Correctional officer or any other relevant Staff member With Relevant Information. The (DTT) Makes the Decisions Stated on Pg 13-14,) (P)(1-3).

60. All The reviews That Plantiff had were held after All individuals who have a Choice/Decision in his Current Classification has already made a Decision on what Will happen at the review or What Status or Classificaton level you Will Be or Stay. Then Just the Counselor and a Lt. Comes to your Door and ask you if you have a Statement for your ICA hearing, then they leave, they Don't tell you what Decision they Will make, there reason for making it, nor Do they give you a Chance to fight your Case or rebut what is Said amongst those that plantiff has no Contact With During this Hearing.

61. Plantiff has spoke to each Defendant that was or were present at his reviews asking them "How am I Being reviewed for a status or Security level if the people who have a Voice in the Decision are not here?, that means whatever I say means nothing Because A decision has Already Been made."

62. During or after the processing of plantiffs reviews he Constantly attempted to Communicate With Defendant(s) Ramey & ADams Regarding the Disposition of his Charges, and the reason/his Jursidiction on why the Charges have to Be Dismissed.

Denial of Due Process, unjust enforcement of Void ab Nitio Contract & Retaliation

63. Plantiff informed Defendant(s) Ramey, ADams, Meyers & Anderson that they had no Jurisdiction or Authority to enforce there operating Procedure 861.1 (Disciplinary Policy) on Plantiff in any Capacity, Due to the lack of A Valid Contract aggreeing to Liability for any "offense" Created By such policy. VIRGINIA DEPARTMENT OF CORRECTIONS policy 861.1 states on Pg's,

11

I.,(A.),(2.);(a.) says "Each Inmate will recieve a copy of this operating Procedure and MUST Sign the Inmate Discipline procedure reciept 861-F1, Verifying reciept". Plaintiff Neither Signed nor accepted any such Procedure, Yet they Still choose to Attempt to enforce Obligations On Plaintiff, even after he Quoted Such in his Appeals Viz. Exhibit 9 $10 (c) for Both Charges.

64. Even though knows Defendants lack Jurisdiction, which he was well aware of and expressed Verbally multiple times to Defendants Involved in his Disciplinary hearing process, he Stin Did his Due Dilligence By Exhausting Whatever Remedy was Available.

65. Viz. Exhibit 9 $10. These are the Charges that are at mention regarding the fact of Defendant(s) Ramey, Adams, Anderson, Meyers & The VIRGINIA DEPARTMENT of CORRECTIONS Lacking Jurisdiction to Charge, enforce, or hear the Charges and enforce Sanctions On Plantiff.

66. There was no Valid aggreement Nor A Meeting of the minds for this Contract at mention.

## Charges

67. The Only two Charges plaintiff has been found Guilty of Since 8/25/23 are a 111B on 2/21/24 & a 111B on 2/27/24. Both Of these Charges Were pertaining to an Incident where plaintiff was Being Served a Notice of the results of A PREA Claim (prison rape Elimination Act), In Which plaintiff had to Sign a legal log Sheet Saying he recieved Such Notice.

68. When Plaintiff read the Noticed he knew Something Wasnt right and was Confused because Both of these PREA Claims an mention were Valid Claims of Voyuerism, In which Sgt. Neeley watched Plaintiff Urinate twice even after he Informed him that he was Using the Bathroom. On Both Days Plaintiff was Charged With a 111B, he informed Defendant Deel he Wanted to Speak

12

To A Sgt., so he Cound be informed/Advised of exactly what was going On and why. Defendant Deel walked off and wrote plaintiff a Charge for each Day In Mention.

69. ~~After~~ Before Being Served the 111B From 2/21/24 Turned in the "Alleged" "Stolen" Form to Sgt. Taylor The Next Supervisor That came in the pod and Explained exactly what occured @approx. 7:50pm.

70. On 2/22/24 plaintiff turned in a Witness request to Lt. Meade @approx. 2:50pm, to Comply With Policy (48-hr time limitation To turnin).

71. On 2/27/24 Plaintiff was Served the other 111B.

72. On 2/28/24 @approx. 6:55Am plaintiff encountered the first Supervisor Since the Incident on 2/27/24 where he recieved a 111B for, Amongst Encountering this Supervisor plaintiff turned in this "Alleged" Stolen form To Sgt. Hall along with a Witness Request, to Comply With Policy (48-hr time limitation Turn in).

73. Plaintiff had The Hearing for Both ~~Hearings~~ Charges in which Defendant Ramey held this hearing for Both 111B's in mention.

74. At The Commencement of Both hearings plaintiff mentioned The Due process errors, of his Compliance of turning in Evidence forms To Cooborate his Story, In Which Defendant Ramey Said She Never recieved them. Plaintiff then gave her the name of The Supervisors and Date & Time he Submitted Them, But she neither Adjourned the Hearing or Acknowledged that plaintiff showed his Due Dilligence. Plaintiff Asked Defendant Ramey "You have adjourned hearings Before to review Video to Check on forms Because of me giving you Info on turning them in, Why Cant you Do it Now?"

75. Defendant Ramey Continued to hold the Hearing, Plaintiff's 1st Argument was the lack of Jurisdiction to enforce any obligations Upon him.

13

76. Plaintiffs Second argument was the fact he stated he never refused To Give the Paper Back To Defendant Deel, But asked to Speak to a Supervisor and Defendant Deel Denied him one and walked off.

77. Plaintiff asked Defendant Deel if at any time did he ask him for a Sgt and Defendant Deel said "No". Plaintiff pointed out this is why I asked for witnesses in my request.

78. Plaintiffs third Argument Was That the paper Belonged to the State and was Returned to a State employee Within 12hrs.

79. Ultimately even with the Above Valid arguments Defendant Ramey Imposed Sanctions after She found Plaintiff guilty.

80. Plaintiff Appealed Both Charges to the Highest level, as Well as Attempted to Resolve The Issue Two Seperate Occasions. Viz. Exhibit 9,16, 17.

81. Plaintiff Spoke With Defendant Several times and Defendant Deel acknowledged on Several Occassions that he lied, also Confirming Plaintiffs Story. Please SEE Exhibits 11-15 (All Notarized Affidavits).

## Deliberate Indiffrence

82. All Defendant(s) Standards For there Conduct Are Stated in VA DOC's Operating Procedure 135.1, In Which § I Group 2(A) States "Failure to follow Supervisors Instructions and Clearly established Procedure", § I Group 3(a) States "Physical or Other Abuse of a Ward of The State/Which Include Verbal or Mental", these are actions in Which Defendants recieves Reprimands or termination for.

83. Defendant(s) Cox, Jones, Deel, Taylor, Cornett All Willingly Committed a Violation of VA DOC Policy 135.1 § I Group 3 (B) "Falsifying any State Document", In which This Policy governs there Standards of Conduct they are held to. A Violation of this policy

they should recieve a reprimand or Termination.

84. Plantiff Reserves the right to any Violation of VA DOC policy That is Not Available to him, that any Defendant may have Committed.

## Liberty Intrest

85. Plantiffs Current Custody level is Level 5 the highest level in VADOC. His Current Goodtime Credit Awards Level is 4 meaning he earns no good time at all.

86. Since 3/25/23 Plantiff has "only" Been found Guilty of the two Charges Wrote By Defendant Deel. With out those two Charges he Woold Be approx. 15 months Charge free.

87. Plantiff has an annual review Once a year, he also Can also Request an Interim review. At these reviews he Can get up to A total of 100 Points, At 35-100 Points you are (GCA level 1) earning Maximum amount of good time, 34-65 Points Level 2, 64-45 points Level 3, 44-0 Points Level 4 (No Good Time). Points are Earned as Follows: 40 points for infractions (points are deducted for severity and amount); 40 Points for programs, Re-entry, Annual Goals; 20 Points for Work.

88. With the two Charge Defendant Plantiff has Since 8/25 Being Dismissed Plantiff will Be Charge free, thats 40 points, he Completed The Challenge Program thats another 40 & he has a Job thats 20 more Points which will put him at GCA level 1 earning the Maximum amount of good time,

89. Plantiff Security level Score Would drop to the lowest level

### Liberty Intrest/Significant hardship

90. SECURITY LEVEL 5 is The most Restrictive enviornment/custody Level an inmate/convict Can Be in. All Movements are restricted and Controlled at all times. Inmates/convicts are fully restrained By Handcuffs and Shuckles upon making any movement out side of a Secure Area Cell, cage, shower etc. and they are escorted By Two officers; recieve Three Showers a Week, Two-Five Phone Cans a month Depending on Status; 4 hours minimum out of cell activity in a 8x10 Cage or Chained to a table with no Bathroom Break or Water if the facility is not

15

Short Staff, on lockdown, or just refuses to give any activity; no out of Cell programming is given only In-Cell (i.e Religious etc.); Allowed 2-3 Books from Library at a time; I 1-hr non-Contact Visit for an hr & 1hr of Video Visitation a month; 0-40$ in Consumables a week 15$ in Cosmetics (Depening on Status food Starts at 0); Television Allowed once your first Status is recieved; Cant take pictures to send home; No Contact or Congregation with Peers; You 'Cant' earn good time on levels, nor Does your Custody level go Down even if Charge free for years. Privliges are not limited to the above.

91. SECURITY LEVEL6 is the Next Security level Down from Level 5. Imate/convicts are: "Considered" Population Providing Slightly more privliges; They are "Supposed" to Be able to move unrestrained in pod, But they only let you Walk to the Shower or to a Small rec yard for Approx 4 hrs with no more than 5 People; Get 40 Phone Calls a Month; 1 1hr non Contact Visit and 1 hr of Video Visitation; 40$ in Consumables to Include hygiene a Week; Can take photos to Send home; 3 Showers A week; No out of Cell Programming (Re. Religious etc.); Allowed 4 Books from Library; Cant earn good time On level 6, Nor Does your Custody level go Down even if Charge Free. Privliges are not limited to the Above.

92. SECURITY LEVEL 5 Is Regular General population and is an actual Security Level that is Actually Authorized & Governed By VA DOC policy. Inmates/Convicts are; Allowed free movement amongst peers in pod and Outside; unlimited phone Calls; 70$ in Consumables to Include Cosmetics a week; access to All programs; Unlimited Video Visits & 2 Contact Visits A Week; Can take photos to Send home; Can Shower everyday; access to Pullup Bar dip bar, Basketball Court, Soccer ball, football etc.; Can earn good time and get Custody level lowered. Privliges are not limited to the Above.

93. Level 5 & 6 are not Scored Security levels in VA DOC" policy nor governed By it nor is there Jurisdiction for them.

## Retaliation/continued ...

94. During The Duration of This whole Claim Plaintiff Continued to Litigate and Excercise his rights to grieve Violations of policy procedure and Clearly Established law, he also helps other Inmates and Has Even filed Lawsuits for them. Due to Plaintiff having Sofficent Knowledge

Of Administrative law, Policy, Procedures as well as Clearly established law, making his Claims/grievances have a Substantial amount of merit, In Which Staff should Be reprimanded or fired and plaintiff Knows they Blatantly Ignore Clear violations So he Continues to Show/exspose the lack of Accountability, Responsibility ¾ accountability. This has Caused Staff to react and Do Anything to Deter plaintiff from "writing" Staff up." Plaintiff Recieved over 40+ Charges in the last year in which he beat all of them, he has had his Showers taken, Recreation taken, Denied Services and more.

95. Defendant Anderson on 11/13/24 had plaintiff limited to 1 written Complaint and 1 Regular grievance a week for 90 Days. His Reason for Limiting plaintiff Was not Based off of facts or evidence, But Solely Because the affect plaintiffs Complaints have on his facility ¾ "he" "Doesnt" have enough" 'Staff to do the work to Allow inmate/convicts to excercise there rights.

96. Plaintiff Appealed this limitation Challenging Defendant Anderson ¾ Meyers to provide any "frivolous" or Complaint made in Bad faith Because thats the only Justified reason for a "limitation" To Be Imposed.

97. Now plaintiff Can only 1 Complaint and 1 grievance a week so Once he Submits one another one Wont Be logged/accepted. Meaning if Plaintiffs Rights are Violated, Policy, Procedure or law Staff think that Once plaintiff has 1 Complaint in he Cant exhaust his remidies and they told plaintiff that he "Cant Write All of them up". This Open the Door for plaintiff to be Subject to More retaliation and hostility from Staff.

17

## II. Exhaustion Of Remidies

98. Plaintiff has Exhausted all Available Administrative remidies to the Best of his Ability. (See Exhibit 1-10)

## III. Actions and Ommissions Of Defendants

99. Defendant VIRGINIA DEPARTMENT OF CORRECTIONS Actions and Ommissions Constitute Violations of the following: Supervisor liability, Deliberate indiffrence, Cruel & Unusual punishment, Denial of Due process, Including the State Torts of gross Negligence & Emotional Distress under Virginia law.

100. Defendant(s) Chadwick Dotson, Thomas meyers, David Anderson, Dwayne Turner, Anhee Duncan, K. sykes Actions and ommissions Constitute Violations of the following: Supervisor liability, Retaliation (Excluding Dotson), Deliberate indiffrence, Cruel and Unusual punishment Denial of equal Protection of the law, Denial of Due Process, Including the State torts of gross Negligence & Intentional Infliction of emotional Distress under Virginia Law.

18

101. Defendant(s) Duets, Ramey & Adams Actions and Ommissions Constitute Violations of the following: Denial of Due process, Cruel & Unusual punishment, Deliberate Indiffrence, Denial of equal Protection of the law, Retaliation, Including the State torts of gross Negligence & Intentional Infliction of emotional Distress Under Virginia law.

102. Defendant(s) Collins, Miller & Cornetts Actions and Ommissions Constitute Violations of the following: Denial of Due Process, Denial of equal protection of the Law, Deliberate Indiffrence Cruel and Unusual Punishment, Retaliation, Including the State torts of gross Negligence & Intentional Infliction of emotional Distress Under Virginia law.

103. Defendant(s) Taylor & Flemings Actions and Ommissions Constitute Violations of the following: Retaliation, Denial of Due process, Denial of Equal Protection of the law, Cruel and Unusual punishment, Including the State torts of gross Negligence & Intentional Infliction of Distress Under Virginia law.

104. Defendant(s) Trent, Cox & Jones Actions and Ommissions Constitute Violations of the following; Denial of Due Process, Cruel and unusual Punishment Denial of equal Protection of the law & Retaliation Denial Of Due Process, Retaliation, Cruel and Unusual punishment, Including the State torts Of Gross Negligence & Intentional Infliction of emotional Distress Under Virginia Law.

19

105. Defendant Dees actions Constitute the ommission of the following: Deliberate Indiffrence, Cruel & Unusual Ponishment, retaliation, Including the State torts of gross negligence & Intentional Infliction of emotional Distress Under Virginia Law.

20

## I V. Physical and Emotional Injuries

106. As a result of All Defendant(s) Actions Plantiff Sustained Substantial Psychological and emotional Deteriation, Causing Severe mental Stress, Increased Anxiety, Sports of Severe Depression, Suicidal thoughts, Homicidal thoughts, Increase in medications for SMI's and additional medications to Cope with the Severity of his conditions and environment. He has had to see A psychiatrist on many Diffrent occasions Regarding his mental health, has requested 2-3 Times to Speak to Mental health, Counselor or therapist for Some type of relief, Struggles With Normal Interactions with people and traumatized to the point he is overly paranoid and has trouble with Day to Day activities.

107. As a result Of All Defendant(s) Participation in Unlawfuly Detaining plantiff and or heulting or hindering his progression plantiff Sustained the following Injuries which had or has a mental or physical affect; Denied Showers, recreation, Visits, Commissary, Phone cems, Social Interactions, access to programs, Good time; Physically, Mentally and Emotional Abused During incidents such as: Being Beat/Assulted By Staff While fully Restrained On multiple occassions, Sprayed with Tear gas for no reason, Refused medicen Attentiong Subject to Voyerism and Sexual assult By staff and Involuntary Committed for nothing. Injuries are not limited to the Above.

108. As a result of all Defendant(s) Actions Plantiff will forever need Psych Medication and Constant Visits to a psychiatrist, therapist or Counselor, and having trouble transition Back to A "Normal" Enviorment full of Daily Interactions and activities.

21

## V. Prayer for Jury

A. Immediately Issue an Injunction Releasing Plaintiff From "Restorative Housing Reduction Step Down Program" and Classify him properly per "VA Doc" policy, Placing him in his proper security level, and proper Good Time level.

B. Issue an Injunction Imposing Sanctions on every Defendant Who violated DOC's operating procedure 135.1 resulting in Reprimand or Termination.

C. Immediately Issue an Injunction Terminating Policy 830.A and The program governed By it.

D. Immediately Issue an Injunction Dismissing/Removing Both 111 B's From plaintiffs Record.

E. Immediately Issue an Injunction Creating Policy that sets a limitation of 180 days in Segregation With proper Due process given By those in non-Contact with Inmates, with Decisions made off of reports from those in Contact.

22

## VI. Award Compensatory Damages In The following Amounts:

1. $3500 for each Day Defendants Individually Played a part In Detaining Unlawfuly jointly and severly.

2. $1000 jointly and severly aginst Defendants Meyers, Anderson, Ramey & Deel

## VII. Award Punitive Damages in The following Amounts:

1. $2500 Each aginst "VADOC", Dwayne Turner, A. Duncem, Meyers & syices

2. $1,500 Each aginst Collins, Miller, Cornett, Fleming, Taylor, Jones, Trent, Cox Diers, Ramey, Adums, Deel & Anderson

## VIII. Prayer for Jury

1. Grant Such other relief as it may appear the Plantiff is entitled to.

Pursuant to 28 U.S.C 1746 I the Undersigned Declare that I have reviewed this Claim and its Contents are true and Correct to the Best of my Knowledge.

11/13/24
Date

Brandon Crosby w/oprejudice
Print / Signature

Respectfully Submitted

Brandon Crosby 1779544
Red Onion State Prison
P.o. Box 970
Round, VA 242

VA DEPTARTMENT OF CORRECTIONS
HAS NEITHER CENSORED OR INSPECTED
ITEM THEREFORE THE DEPARTMENT DOES
NOT ASSUME ANY RESPONSIBILITY
FOR IT'S CONTENTS



US POSTAGE ᴵᴹᴵ PITNEY BOWES

ZIP 24279  $ 009.90⁰
02 4W
0000366944 NOV. 26 2024

RECEIVED

DEC 0 2 2024

USDC Clerk's Office
Mail Room

RECEIVED

NOV 2 6 2024

MAILROOM

**UNITED STATES POSTAL SERVICE®**

**USPS TRACKING #**

LAB400R Aug. 2013
7690-17-000-0669

9114 9999 4431 4768 6359 14

United States District Court
210 Franklin Bd. Rm. 540
Roanoke, VA 24011