In The United States District Court
For The Western District Of Virginia
Roanoke Division

ABDULLAH BADIE
Plantiff,

V.

DWAYNE TURNER
Defendant

CLERK'S OFFICE U.S. DISTRICT. COURT
AT ROANOKE, VA
FILED

SEP 08 2025

LAURA A. AUSTIN, CLERK
BY: M. POFF
DEPUTY CLERK

Case No. 7:24cv845

Complaint With Jury Demanded

INTRODUCTION

This is a Civil action filed by Abdollah Badie, Pro'se For Injunctive Relief, Punitive & Compensatory Damages for those specified, Under U.S.C § 1983 Claiming The following: Retaliation in violation of The 1st Amendment; Substantial & Procedural Due process, Denial of Equal protection Of the law all in Violation of the 14th Amendment; Deliberate Indiffrence & Cruel & Unusual Punishment du In Violation of the 8th Amendment. Including The state torts of gross negligence & Intentional Infliction of emotional Distress, Under Virginia law.

1.

## Jurisdiction

1. This court has Jurisdictional Authority over the Plaintiffs Claims of Violations of Federal Constitutional rights under 42 U.S.C. § 1331(1) & 1343.

2. This Court has Supplemental Jurisdictional Authority over Plaintiffs State law torts/ Claim(s) against Defendant(s) in there Individual Capacity under 28 U.S.C § 1367.

3. Plantiff Seeks Injunctive relief pursuant to 28 U.S.c § 2283 & Rule 65 of Fed. R. Civ. P.

4. The United States District Court for the Western District of Virginia Roanoke Division is an appropriate Venue under 28 U.S.C. § 1391(B)(2)

## Parties

5. Plantiff, ABDULLAH BADIE a Inmate Incarcerated in Virginia Department of Corrections at Red Onion State Prison at all times of this Claim.

6. Defendant, THOMAS MEYERS was and still is the Western region Administrator For Virginia Department of Corrections (VDOC), During the Duration of this Claim.

7. Defendant DWAYNE TURNER was and still is the Assistant Warden Of ROSP at all times of this Claim. He is also The Content owner of A local operating Procedure at ROSP Called (830.A Restorative Housing reduction Step-Down Program), (See Attachment 1), A private Administrative Policy/procedure.

2

8. Defendant(s) DAVID A. ROBINSON & CHADWICK DOTSON Were Both active Directors of VIRGINIA DEPARTMENT OF CORRECTIONS, During Durations of this Claim.

9. Defendant AMEE DUNCAN Was The Chief of Housing and Programs (CHAP) at Rosp & Defendant K. SYKES Was the Institutional program manager (IPM) at Rosp, at all Durations of this Claim.

10. Defendant(s) LARRY COLLINS, ERIC MILLER & CORNETT Were all active Unit managers at Rosp at all Durations of this Claim.

11. Defendant(s) JORDAN FLEMING & CODY TAYLER Were Both active Building Luitenants at Rosp at all Durations of this Claim.

12. Defendant(s) M. TRENT & C. COX Were all active Counselors at Rosp During the Duration of this Claim.

13. Defendant K. DIETS Was the Active AMA at Rosp During the Duration of this Claim.

14. Defendant RAMEY was an active Institutional Hearings officer at Rosp During the Duration of this Claim.

15. DEFendant(s) Sgt's. NEELEY, HALL & B. TAYLOR Were all active Sergants at Rosp During the Durations of this Claim.

3

16. Defendant Deel was an Intel officer at Rosp at all times of this Claim.

17. Defendant(s) N. Mullins, A. Robbins & . Mullins were an active Correctional officer at Rosp at all times of this Claim.

18. Defendant . Jones was an active Luitenant at Rosp at All times of this Claim.

19. Defendant VIRGINIA DEPARTMENT OF CORRECTIONS was an Entity that falls Under the COMMONWEALTH OF VIRGINIA at all times of this Claim.

20. All Defendants acted Under the color of State law.

21. All Defendents are Sued in there Individual and official Capacity, with Respect to the limitation of the claim.

22. All Defendants have Obligations/Duties that are Contrary to there actions in this claim.

23. Defendant DAVID ANDERSON is The Active Warden at RED ONION STATE PRISON.

4

# I. Summary of Claims

## A. Detention Without Jurisdiction

24. Plaintiff has been Detained with no Statutory Jurisdiction in a "Program" Called Long-term Segregation / "Restorative Housing Reduction Step-Down Program at Red Onion State Prison (ROSP) since 8/31/22. Viz. Exhibit 18 §A-1)

25. The Administrative Policy (830A) a local operating Procedure Claims its Authority / Jurisdiction Derives From §53.1-10 of COV, which is The powers & Directives of the Director of DOC. This "policy" Governs the "program Plaintiff is Being unlawfully Detained in. (LOP-Viz. Attachments 1-2) (§53.1-10, Viz.

5

Attachment 3).

26. §30A (LOP) has Been Amended on; 2/18/13; 6/27/18; 10/1/20; 10/1/21 & 1/1/24.

27. Defendant Dwayne Turner Was the Content Owner of Attachment (1)

28. Defendant A. Duncan Content Owner of Attachment (2) & Thomas Meyers is the Signatory of Said policy.

29. Defendants D. Robinson & C. Dotson Has not Signed off On Neither policy & have Constructive Knowledge of this "Program"/policy Being Implemented, In Which each Amendment were results of Litigation, in the U.S. Dist. Ct of the W. Dist of Va with VDoc Involved.

30. Red onion State prison is Indeed A State prison making it an entity under the Jorisdiction of the VIRGINIA DEPARTMENT OF CORRECTIONS, In which they Allow ROSP to Implement a Private operating procedure.

## B. Economical Gain

31. ROSP uses §53.1-10 (The Powers and Directives of The Director of VDOC) as there Authority & or JorisDiction to Implement a Local operating procedure in the VIRGINIA DEPARTMENT OF CORRECTIONS.

32. The Land that ROSP is on is not owned By VDOC But is Being rented/leased Out to it.

33. Plantiff has Personal Knowledge of, Being told By A/Mullins that there are other Mollinses that are related and or married (specifically Nurse Jenkins AKA Mullins is married to Sgt. Mullins, J.Mullins is the father of B. Munins, J+Mullins to include the rest, there is Approx. 30 Mullinses at Rosp); Meades, Lt. Meade is married to Nurse Meade, officer meade is there son; K. Flemings has 2 Sons That work at Rosp, J. Fleming $ J. Fleming to include several cousins or Nephews; L, Still (the Grievane Cordinator) was the Kitchen manager Before Becoming such and her huspand was a Captian; officers Mullins, Mullins, Deel, Castle went from Being a Correctional officer to a Investigator without meeting retention qualifications; officer, B. Jones, Fuller, Cox went from a correctional officer to a Counselor with out meeting retention qualifications.

34. WARDEN, Defendant D. ANDERSON was brought from Keen Mountain for Not fufining his Duties; Unit Manager Reynolds was Brought from Wallens Ridge State prison for Allegations of mis Conduct $ failing to fufill his Doties:

34. An Administrative Personal are promoted internally off of personal relationship $ or participation in Upholding Staffs Code of Silence.

35. Rosp has 3 Diffrent Security levels at one prison and remains above a 10% Vacancy rate on a Yearly Basis. (Lvl, 5,6 $ 5)

36. Level 5 is Considered general population & Level 6 and 5 are lock-Down 20 and 4. Level 6 & 5 are subject to lock-Downs on a Bi-Weelly or longer Between them, Due to Being Short Staff, or a Security Issue that occured in General Population.

37. The LOP for this program has VDOC's logo on the Cover page of it, and References Several other policies.

38. This Program Provides no groups, therapy, Mental Health treatment nor any of the Services in 830A LOP.

39. There is Approx. 100-120 Inmates in this "Program" Governed By 830A lop.

40. In C-Building at ROSP they ONLY have approx. 24 Individual out Side rec modules and approx. 10-15 Program tables inside of each Pod (These tables were not Created for recreation But for treatment to hold Groups). NO Groups are held But they Chain inmates to these tables for up to 4 hrs.

41. Inmates can not Bring no Books, Paperwork etc. to the table, theres no tv or anything to Stimulate the mind.

42. While at recreation for Approx. 4 hrs. Inmates are given no water or chance to use the restroom unless they go Back in there cell.

43. C-Building at Rosp Has 2 Sides 1-2-3 and 4-5-6. 2 & 3 Pod houses Approx. 44 Inmates in total All level 5. 4,5 & 6 Pod Holds Approx. 88 Inmates. Each Pod requires there Be 2 officers for Each one.

8

44. Plantiff and his peers are left in the shower for hours, Denied Recreation, activity, and Cant go to the Bathroom once at recreation Due to only having 2-3 Staff for all 3 pods and or Being Short Staff on a Daily Basis.

45. Each side of C-Building has 1 Mental health Clinician, for the inmates to see. These Clinicians make ones found a week and only come See you if you are Suicidal. They Provide no Confidentialaity.

45. They only have access to medical twice a Day for pill Call other than that they only come for emergencies.

46. The facts above Shows that 830A's mission is not Being Implemented and they Clearly Do not have the Staff, Space, equipment nor Capability to Do or implement Such "program"!

C. Begining of retaliation

47. On or around 7/22/23 Plantiff was Severly Beat in Hand Cuffs By several officers.

48. Due, the Violations of Plantiffs rights Caused him to exhaust his available remidies By Using the Institutional grievance System.

49. While exercising his rights plantiff has to State and or Claim wrong Doings of Staff, to Include Saving Video to prove the misconduct of Staff.

9

50. On or around 08/2023 Defendant Flemings Began to order his staff to refuse him activities & to write him Charges, he also asked Plantiff "why am I getting so much paperwork (complaints) from you." Plantiff told him why & Defendant Fleming told him that he "Shouldn't have Covered his Window."

51. Plantiff was involved in active litigation against The Administrative coworkers of the Defendants on top of his complaints.

52. Plantiff Began to recieve an excesive amount of Charges and loss of rights on A frequent Basis, which he Continued to Complain about.

## D. Due Process /Retaliation

53. Plantiff is on the pathway called Special Management (SM). It takes 90 Days to proggress from step to step and it is Based off "Behavior, Programming & weekly status reviews. (see exhibits G(E)), 18 A-1

54. The Amount of Charges you "may" recieve to progress from Status to status is outlined in Exhibit G(F).

55. As plantiff proggresses from level to level he recieves more privliges.

56. Plantiff was placed on Sm 0 on approx. 8/31/22.

57. Plantiff recieved Sm-1 on 12/15/22. (see exhibits 3(c)), and lost it on 5/22/23.

58. Plantiff's Next 90 Day Review was supposed to Be 6/15/23 But he wasnt Reviewed until 7/13/23 and was kept on Sm-0 for pending Charges. (see exhibits 3(D-E)).

59. Plantiffs Next Review was Supposed to Be 9/15/23, he wasnt Reviewed until 10/4/23 and was kept on Sm-0. (See Exhibits 3(F)).

60. Plantiffs Next Review was Supposed to Be 12/15/23, he was Reviewed on 2/22/24, In which he was Denied access to his requested witnesses and kept on Sm-0. (See exhibits 3(G), 1(A-D), 3(A-h).

61. On 4/29/24 Plantiff grieved that he had Been writing Defendants Ramey & Adams explaining why his Charges must result in a disposition of Dissmissal, But yet they held ALL His Charge(s) Pending on his Record for Approx. 60 working Days. (See Exhibits 4(A-E).

62. Plantiffs next 90 Day Review was Supposed to Be on 3/15/24, he wasnt Reviewed until 5/6/24. Plantiff was Denied notice and Counselor Cox (i.e Defendant Cox) Falsified a State Document Saying Plantiff refused to sign such notice & a Chance to request Witnesses. Once a agian Plantiff was held on Sm-0 for pending Charges. (See exhibits (A-G)).

63. On 7/15/24 Plantiff was Reviewed at a weekly status Review (Informal) and was Advanced to Sm-1. (See exhibit 7).

64. A Day Prior to Plantiffs Status Being Changed on 7/15/24 Plantiff wrote up/Grieved the fact his reviews where Being Done wrong and he qualified to Be Further Advanced than he was. (See exhibits 6(A-J)).

11

65. Plantiff was supposed to have his Next 90 Day Review On 6/15/24 But Because his last review was on 5/6/24, It was held on 8/6/24. Due to him recieving his Status on 7/15/24 he was reviewed on 10/15/24. At this review Plantiff was Denied any Witnesses and his right to participate By Defendant(s) Taylor & Cornett. (See Exhibit 7(A-C)).

66. Defendant(s) Collins, Fleming, Miller, Taylor, Cornett, Cox & Trent Including Turner Participated in plantiffs review all within different time Spands.

67. Every review Plantiff was not Allowed to Be present During the making of the final Decision of Such reviews, nor Allowed to present evidence or witnesses.

68. All Reviews were Done outside of there proper time Frame.

69. Reviews are Done weekly, monthly & Tri-Montly All informal. Viz. Attachment (1-2) Pgs. 15 & 16 of 830A LOP

70. The Building management teams Does reviews for the Decisions Made on Pg 14 & 15 of 830A LOP, Which may Consist of the CHap, Unit Manager, Security Supervisors, Counselors, Officers, Mental Health, Investigators & Treatment Officers. Viz Exhibits 18 (A-1)

71. The Dual Treatment team is a team headed By the CHap & The members Include, But Not limited to the CHap, Unit manager, IPM, Intelligence officer, Mental health Associate, Facility Medical Director, Counselor, Correctional officers and any other relevant Staff member with relevant information. The (DTT) makes the Decisions in reviews on Pg. 13 & 14 in 830A LOP.

12

72. All reviews and final Decisions are made Informally out of Plantiffs presence.

a. <u>Denial of Due process, Unjust enforcement</u>
<u>OF Void Abnitio Contract & Retaliation</u>

73. Plantiff Informed Defendant(s) Ramey, Adams, Meyers & Anderson that they had no Jurisdiction or Authority to enforce these operating Procedure 861.1 (Disciplinary Procedure) on Plantiff in any Capacity. Due to the lack of a Valid Contract aggreing to Liability for any "offense" Created by Such Policy, making it adhesive VDOC policy 861.1 states on Pg. 5, I., (A),(2),(a.) says "Each Inmate will recieve a copy of this operating procedure and MUST Sign the Inmate Discipline Procedure reciept 861-F1, Verifying reciept." Plantiff Signed no Contract accepting Such liability, But yet they still Enforce Such Unlawful Obligations on him. Viz Attachments 9 &10, 22 &23, 21(A-F)

74. Defendant(s) VDOC, MEYERS, RAMEY, ADAMS & Anderson all Were Put on NOTICE That they lacced Such Joristiction Due To there being no valid aggreement nor a meeting of the minds. Viz. Exhibits 9, 10, 22 &23.

b. <u>Sexcen Harrassment & Charges</u>

75. On 2/16/24 Plantiff was Sexually harrassed By Defendant NEGLEY in which he Committed an act of Voyerism on Body Camera. Plantiff was Using the restroom when Defendant Neeley

approched his Door to take Down the recreation and shower list
Plantiff was Kneeled down on one knee facing the sink halfway
twoards the Door. Defendant NEELEY looked In the cell asked
him if he would like recreation or shower, Plantiff said "yes"
and went Back to using the Bathroom. Plantiff looked up
and noticed Defendant NEELEY watching him and he
asked Defendant Neeley if he "was going to watch him use
the restroom? And Defendant Neeley got on his tip toes
looking in the cell and said "im Just Doing my Job."

76. Subsequently to this incident Plantiff made
a Prison Rape Elimination Act (PREA) claim aginst Defendant
Neeley.

77. On 2/21/27 Plantiff recieved a PREA Notification
From Defendant Intel officer Deel, in which Plantiff had
to sign for such retrieval. Plantiff asked to speak to a
Supervisor to explain how his claim was Deemed unfounded
and why Before he signed it. Defendant Deel walked off
and wrote Plantiff a charge saying Plantiff stole the log
sheet. Viz Attachment

78. On 2/21/24 @approx. 7:50pm Plantiff turned in the
log sheet to Sgt. Taylor

1. 2nd Sexual harassment $ Charge

79. On 2//24 Defendant Neeley Did the exact same act
he Did in the first Sexual harassment $ Plantiff Submitted

14

another PREA Complaint. In which Defendant Deel Seved plantiff a Notice on 2/1/24. Plantiff once agian asked to Speak to A Supervisor to explain to him how & why his claim was unfounded and Defendant Deel walked off and wrote plantiff a Charge Saying he Stole the log Sheet.

30. On 2/23/24 @ approx. 6:55Am Plantiff gave the first Supervisor he encountered the log Sheet, Sgt. Hall.

2. <u>Two Charges Connected to Sexual harassment, & Disciplinary Hearings for Both Charges</u>

31. Both hearings were held within One sitting by Defendant Ramey.

82. Defendant Ramey refused to Present exculpatory evidence, Present Witnesses that Plantiff put in request to Present these Statements And Evidence at the hearings. In Which he gave All Request to Supervisors on Body Camera & Informed Defendant Ramey at the hearing the Dates & Times He turned in such timely filed Evidence forms. She Alleged to not recieved his forms.

83. Plantiff reserved All argoments in his appeals for Both Charges Viz Attachments 9, 16 & 17. Which is an affividavit of Defendants Violations. (Exhibits)

84. Defendant Deel Said Plantiff Never asked for a Sgt. or Supervisor, Plantiff Submits Exhibits 11-15.

C. Threatening Charge

85. On 12/3/24 Defendant N. Mullins wrote Plantiff a Disciplinary Charge for Allegedly threatening him. VIZ. Exhibit 21

86. Officer Harvin was present Being trained to Be Sgt. when the alleged Incident was supposed to have occured, But yet he Served Plantiff the Charge.

87. Defendant Ramey held Plantiffs hearing and Denied Plantiff an evidence requested, Even after he gave her the Dates $ times he Submitted Such forms to A Supervisor, During the Hearing.

88. Plantiff Reserved all Arguments in his Appeals for Such Charge, Viz. Exhibit. 22, which is an affilavit of Defendants Violations. This Charge was Wrote after The original filing of this Claim.

d. Possesion or Use of a Weapon Charge

89. On 4/6/25 Defendant(s) A. Robbins Wrote Plantiff a Disciplinary Charge Alleging Plantiff Possessed A Weapon. Defendant Jones OIC'd the Charge.

90. Plantiff Requested witnesses and Video but Defendant Ramey Denied him Such Evidence, During the Disciplinary hearing.

91. There was no picture of this Alleged weapon and Defendant Ramey refuse adjourn the hearing even though they (inle7) Said they Still had the Alleged weapon.

16

92. Defendant Ramey Presented a Unknown witness at the Hearing that Plantiff had no Knowledge of, In which Plantiff Notified Defendant Ramey he wasn't present, (Defendant) J. Mullins

93. Plantiff reserved all argoments In his appeals for Such Charge Viz. Exhibit 23, which is an affidavit of Defendants Actions and or Violations. This Charge was wrote after the Initial filing of this Claim.

94. Plantiff has Submitted Other Documents Pertaining to this Charge. Viz. Exhibits 24-28. Defendant A. Robbins hat motive to target Plantiff Viz. Exhibit 14.

## E. Deliberate Indiffrence

95. All Defendants are Agents of VDoc Bound By VDoc policy 135.1 (standard of Conduct). § I Group2 (A) States " Failore to follow Supervisors Instructions or Clearly established procedule", § I Group 3 (Q) States Staff sheuldn't Commit "Physical or other abuse of a Ward of the State /which Inclode Verbal or mental. Defendants "recieve" reprimands or termination for Violations of this policy.

96. Defendant(s) Cox, Deel, Taylor, Cornett, N. Mullins, J. Mullins A. Robbins. All willfully Violated § I Group 3 (B) Falsifying State document of VDoC Policy 135.1 (standard of Conduct).

97. Plantiff reserves the right for any Violation of VDoc Policy that is not Available to him, that ANY Defendant has a Duty not to violate that they Violated. To Include Defendant Ramey holding Charges aginst him for 3 months. Viz Exhibits 21(A-F).

17

## F. Liberty Intrest

98. Plantiffs Curent Custody level is level S, the highest Custody level in VDOC. ROSP will not let a level S Inmates earn any Good time Credits, In which they (ROSP) Defendants Anderson, Duncan, Sykes, Cornett Continue to hold him at Good-time Credit Award level (GCA 4) 4, ultimately Plantiff earns no good time.

99. Plantiff had his annual review (review to Determine his GCA Level) on or Around 5/9/25. Viz Exhibits 18(A) $20.

100. Without the two Charges Defendant Deel wrote Plantiff in Febuary, 2024, Plantiff would have Been able to seek a Interim review and recieve all Goodtime Credit Awards Available to him making his Release Date on or Around 11/7/26.

101. Without the threatening Charge & Weapons Charge Plantiff recieved, on his Annual review in May of 2025 He would have recieved all Goodtime Credit Awards Available to him making his release Date on or around 11/7/26. Viz. Exhibit 20.

### 1. Significant Hardship

102. Security Level S  This Security level is the most restrictive Custody level Plantiff Can Be housed in VDOC. All Movement is made with him in full Restraints outside of any Secured area. Cell activity Consist of 4 hrs out of his cell in a 8'4' Cage or Chained to a table, no Bathroom Breaks nor stimuli. He has no

18

access to Mental health, therapy, Counselling or programing; only in Cen Religous services; 2-3 Books from Library; 1hr non-Contact $ or Video visit a month; No Contact or Congregation with peers. Conditions are not limited to Above.

103. <u>Security Levels</u> This Security level is General population. On such level Inmates are provided But not limited to the following: This of pod & outside recreation Combined amongst peers; free Movement; unlimited phone calls; 70$ in Consumables & Cosmetics a week; Access to All programs; Unlimited Video Visits; Contact Visits; Can take Photos to send home; Showers Everyday; access to Basketbal Court, Pull up Bar, soccer Ball, football etc.; Can recieve all Good time.

<u>104.</u> Level 5 is not Scored in VDOC policy meaning VDOC Never had Jurisdiction to Do such actions that they exercised there discretion to winfully Do what they want

# G. Retaliation Continued

105. Throughout the Duration of this Claim, from the Begining of the retaliation, Plantiff Began to exhaust his Remidies for every adverse action taken aginst him and Defendant Fleming had him put on grievance Limitation to prevent him from grieveing the misConduct & Violations of policy, Statues & Constitutional law. On 9/25/23 Defendant Fleming had Plantiff limited. Viz. 30(A-B).

19

106. On 11/12/24 Defendant Anderson had plaintiff placed on grievance limitation with no evidence to support his reason for such limitation. All Grievances filed By plaintiff were made in good faith & stated some type of lawful Jurisdiction for all Grievances. Viz. Exhibit 30 (c) Defendants Holloway & Meyers Obsurdly Upheld this limitation Viz. Exhibit 30(c).

107. Once agian On 3/25/25 plantiff was put on grievance limitation By Defendant Turner, In which there was no evidence to support Defendants Allegations. Even though All plantiffs grievances were made in good faith. Defendant(s) Holloway & Meyers Upheld this limitation Viz. Exhibit 30(D)

108. Defendant Anderson had plantiff placed On grievance limitation on 7/24/25 Using the same Allegations as all the other limitations But couldnt provide no Evidence to support his allegations. Defendant(s) Holloway & Meyers Upheld this limitation. Exhibit 30(E).

109. All limitation lasted 90 Days,

110. 90% of plantiff's grievances states violations of Clearly established law, which violates staffs Standart of Conduct or he States other Code of Conduct Violations that puts There jobs at risk.

20

## II. Exhaustion Of Remidies

III. Plantiff has exhausted all Avaliable Administrative Remidies to the Best of His Ability. Viz. Exhibits.

## III. Actions and Ommissions Of Defendants

112. DEFENDANT VIRGINIA DEPARTMENT OF CORRECTIONS Actions Consist OF The Following: Supervisor Liability, Deliberate Indiffrence, Cruel & Unusual Ponishment, Denial of Due process, Including The State tort of Intentional infliction of emotional Distress.

113. Defendants(s) Chadwick Dotson, Thomas Meyers, David Anderson, Dwayne Anderson, Amee Doncan, K. Sykes actions consist of the omissions of the following: Deliberate Indiffrence, Cruel & Unusual Ponishment, Denial of equal protection of the law, Denial of Due Process, Including The State tort of Intentional Infliction of emotional Distress.

114. Defendant(s) Diets, Ramey & Adams Actions Consist of the offAmissions of The following: Denial of Due process, cruel and unusual punishment, Retaliation, Denial of equal protection of the law & Deliberate Indiffrence, Including the State tort of Intentional infliction of emotional Distress.

115. Defendant(s) Collins, Miller & Cornett Actions Consist of the Ommissions of. Denial Due process, Denial of equal protection of the law, Retaliation, Deliberate Indiffrence & Cruel & Unusual punishment, Including the State Court of Intentional Infliction of emotional Distress.

116. Defendant(s) Taylor, Jones, Fleming actions Consist of the ommissions of the following: Retaliation, Denial of Due Process, Deliberate Diffrence & Cruel & unusual punishment, Including the State tort of emotional Distress.

117. Defendant(s) Trent & Cox actions Consist of the ommissions of the following: Denial of Due Process, Cruel & unusual punishment, Denial of equal protection of the law, Including the State tort of Intentional Infliction of emotional Distress.

118. Defendant(s) N. Mullins, A. Robbins & J. Mullins Consist of the ommissions of the following: Deliberate Indiffrence, Retaliation & Cruel & unusual punishment, Including the State tort of Intentional Infliction of emotional Distress.

119. Defendant BRB's actions Consist of the ommissions of the following: Deliberate Indiffrence, Cruel & unusual punishment, Including the state tort of Intentional Infliction of emotional Distress.

22

120. Defendant Neeley's actions consist of the ommissions of the following: Deliberate Indiffrence, Retaliation, cruel $ unusual Punishment, including the state tort of Intentional Infliction of emotional Distress.

# IV. Physical and Emotional Injuries

121. As a result of All Defendants Actions Plantiff Sustained Substantial Psychological and emotional Deterioration, Causing Severe mental Stress, Increased Anxiety, Sports of severe Depression, Suicidal thoughts, Homicidal thoughts, Increase In Medications for sm's and additional medications to Cope with the Severity of his Conditions and enviornment. He has had to See a Psychiatrist on many Different occasions regarding his mental health, has requested at least 2-3 times a week to Speak to Mental health a Counselor or therapist for Some type of Relief. He Struggles to interact normally with People in Person and has been traumitized to the point he is overly paranoid and Struggles with Day to Day activities.

122. As a result of All Defendant(s) Participation in unlawfully Detaining Plantiff and or haulting or hindering his Progression Plantiff has Sustained the following Injories, which had or has a mental or physical affect: Deniod Showers, recreation, Visits, Commissary, Phone/calls, Social Interactions

## V. Prayer for Relief

access to programs $ Good time; Physically, mentally and emotionally abused Such as, Being Assulted in restraints by staff in restraints, sprayed with tear gas for no reason, refused medical attention, Subject to Voyerism and Sexual Assult By staff, Involuntary Committed, Injories are not limited to the above.

123. As a result of all Defendant(s) actions Plantiff will forever need Psych medication and Constant Visits to A Psychiatrist, therapist or Counselor, and having trouble transitioning Back to a "Normal Enviornment full of Daily Interactions and activities.

24

# V. Prayer for Jury

A. Immediately issue an Injunction releasing Plantiff from "Restorative Housing reduction Step Down program" an Clasify him properly per VDOC Policy; Placing him in his proper Security level and proper good time level.

B. Issue an Injonction imposing Sanctions on every Defendant who Violated DOCS operating procedure 1351 resulting reprimand or termination.

C. Immediately Issue an Injunction terminating Policy 830.A and The "Program" governed By it.

D. Immediately Issue an Injunction Dismissing /removing Both III BS from plantiffs record.

E. Immediately Issue an Injunction Creating policy that Sets a limitation of 180 Days in segregation with proper Due Process given By those in non-Contact with Inmates, within Inmate presence.

25

## VI. Award Compensatory Damages
### In The following Amounts:

1. $3500 for each Day Defendants Individually played a part in Unlawfully Detaining plantiff, Jointly & Severly.

2. $10,000 from Defendent Neeley

3. $1500 Jointly & Severly against all Defendents

## VII. Award Punitive Damages in
### The following Amounts:

1. $2500 Each aginst VDOC (Administiction), Turner, Duncan, meyers, Sykes, Jones, Collins, Miller, Cornett, fleming, Jones

2. $1,500 Each aginst Defentdant(s) N. Mullins, Deel, Robbins, J. Mullins, trent & Cox.

3. $12,500 aginst Defendent Neeley

## VIII. Prayer for Jury

1. Grant Such Other relief as it may appear the Plantiff is entitled to.

26

Pursuant to 28 U.S.C 1746 I the Undersigned Declare that I have reviewed this Claim and its Contents are true and Correct to the Best of my Knowledge.

8/23/25
Date

Abdullah Badie
Print / Signature

Respectfully Submitted

27

## CERTIFICATE OF SERVICE

I, Abdullah Badie hereby Certify That On 8/29/25 I served Copies of Amended Complaint ____, On The following Parties By way of U.S.P.S First Class-Mail.

[LIST NAME & ADDRESSES OF EACH PARTY]

U.S. Dist. Ct.
210 Franklin Rd
Roanoke, VA 24011

8/29/25
DATE

SIGNATURE

STATE OF VIRGINIA City / County OF _____
Subscribed, Sworn & Sent Out Before me this _____
Day OF _____ ,20 .

SEAL:

NOTARY PUBLIC

w/o prejudice

MY COMMISSION EXP:

Abdullah Badie

Red Onion State Prison

P.O. Box 970

Pound, VA 24279

$70.05

Clerk, United

210 Fra

Roanok

VIRGINIA D
HAS NEITH
ITEM THER
DOES NOT
FOR ITS CO

**UNITED STATES POSTAL SERVICE ®**

**USPS TRACKING #**

9114 9999 4431 4768 6299 20

LAB400R Aug. 2013
7690-17-000-0669

✮ Legal Mail ✮

EPARTMENT OF CORRECTIONS
ER CENSORED OR INSPECTED
EFORE, THE DEPARTMENT
ASSUME ANY RESPONSIBILITY
NTENTS

GND ADV

US POSTAGE PITNEY BOWES

ZIP 24279 $ 010.05⁰
02 7W
0008039583 SEP 05 2025

States District Court

nklin Rd., Rm., 540    **RECEIVED**

ke, VA 24011

SEP 0 8 2025

USDC Clerk's Office
Mail Room